UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| GEORGE MARTIN, | : | |
| | : | |
| Petitioner, | : | Civ. No. 21-2175 (RBK) |
| | : | |
| v. | : | |
| | : | |
| DAVID E. ORTIZ, | : | **OPINION** |
| | : | |
| Respondent. | : | |

**ROBERT B. KUGLER, U.S.D.J.**

Petitioner is a former federal prisoner previously incarcerated at F.C.I. Fort Dix in Fort Dix, New Jersey. He is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (*See* ECF 1). Petitioner seeks additional credits of up to one year purportedly owed to him by the Federal Bureau of Prisons ("BOP") under provisions of the First Step Act ("FSA"), 18 U.S.C. § 3632(d)(4).

Respondent initially filed a response in opposition to the habeas petition. (*See* ECF 5). Petitioner then filed a reply in support of his habeas petition. (*See* ECF 6).

On December 6, 2022, Respondent submitted a letter indicating that the BOP had recalculated Petitioner's sentence in accordance with interim procedures associated with the FSA on January 20, 2022. (*See* ECF 7). Respondent indicated that Petitioner received 367 days of FSA credits which made his new release date September 2, 2022. (*See id.*). Respondent further stated in the letter that Petitioner was released from BOP custody on September 2, 2022, and is now serving his term of supervised release. (*See id.*). Indeed, the BOP's online inmate locator confirms September 2, 2022 as Petitioner's release date. *See https://www.bop.gov/inmateloc/* (last visited on January 4, 2023). Respondent argues that either because Petitioner has received

the relief he is seeking or because he has been released from BOP custody, his habeas petition is now moot.

Petitioner's release from custody implicates this case in two ways.[1] First, Petitioner has failed to update his address of record which remains F.C.I. Fort Dix. Thus, he has failed to comply with Local Rule 10.1. *See* L. Civ. R. 10.1(a) ("Counsel and/or unrepresented parties must advise the Court of any change in their or their client's address within seven days of being apprised of such change by filing a notice of said change with the Clerk."). Normally, this failure would result in this Court administratively terminating this case. However, for the reasons discussed *infra*, Petitioner's habeas petition will be dismissed rather than simply administratively terminating this matter.

Petitioner's habeas petition is now moot. Article III of the United States Constitution permits a federal court to adjudicate "'only actual, ongoing cases or controversies.'" *Burkey v. Marberry*, 556 F.3d 142, 147 (3d Cir. 2009) (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990)). The case or controversy requirement requires the parties to have a personal stake in the outcome throughout the judicial proceedings. *See id.* (quoting *Lewis*, 494 U.S. at 477–478). "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" *Id.* (quoting *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (quoting *Lewis*, 494 U.S. at 477)). "Incarceration satisfies the case or controversy requirement[;] [o]nce a sentence has expired, however, some continuing injury, also referred to as a collateral consequence, must exist for the action to continue." *Id.*

---

[1] Because this Court finds that Petitioner's release from custody clearly moots his habeas petition, this Court need not consider Respondent's alternative argument that Petitioner's habeas petition is now moot because he has received the requested relief he is seeking.

2

In this case, Petitioner's request for credits under the FSA became moot upon his release from BOP custody. *See Allen v. Ortiz*, No. 20-21027, 2021 WL 1947300, at *1 (D.N.J. May 14, 2021) (dismissing habeas petition seeking credits under FSA as moot as petitioner was released from BOP custody); *see also Fitzpatrick v. Knight*, No. 22-5847, 2022 WL 17177851, at *1 (D.N.J. Nov. 23, 2022) (citations omitted) (finding petitioner's habeas petition seeking additional FSA credits is moot upon release from prison). Indeed, this "Court can no longer grant Petitioner's request for FSA time credits, as such 'credits affect the timing of an inmate's conditional release from prison, but they do not alter the sentence itself.'" *Puccio v. Ortiz*, No. 22-5138, 2022 WL 4468599, at *1 (D.N.J. Sept. 23, 2022) (quoting *Scott v. Schuylkill FCI*, 298 F. App'x 202, 204 (3d Cir. 2008)); *see also DeFoy v. McCullough*, 393 F.3d 439, 442 (3d Cir. 2005) (quoting *United States v. Johnson,* 529 U.S. 53, 60 (2000)) ("The Supreme Court has held that the length of a term of supervised release cannot be reduced 'by reason of excess time served in prison.'").

Accordingly, this Court will enter an order dismissing Petitioner's habeas petition as moot.

DATED: January 4, 2023                                    s/ Robert B. Kugler
                                                          ROBERT B. KUGLER
                                                          United States District Judge